**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BENNY R. SMITH,

Petitioner,

v.                                                    CASE NO. 25-3027-JWL

TIMOTHY EASLEY,

Respondent.

<b><u>MEMORANDUM AND ORDER</u></b>

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Benny R. Smith, a state prisoner currently incarcerated at Larned State Correctional Facility in Larned, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction because it is an unauthorized second or successive petition. If Petitioner wishes to pursue federal habeas relief related to his 2001 convictions, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court. If Petitioner wishes to bring a civil rights action alleging the violation of his rights by state-prison officials, he must do so in an action under 42 U.S.C. § 1983.

<b>Background</b>

In April 2001, a jury in Sedgwick County, Kansas, convicted Petitioner of first-degree murder; the following month, he was sentenced to life in prison. (Doc. 1, p. 1.) The Kansas Supreme Court affirmed the conviction in June 2004. *Id.* at 2. He pursued post-conviction relief under K.S.A. 60-1507, but was ultimately unsuccessful. *See Smith v. McKune*, Case No. 7-3327-SAC, Doc. 11, p. 1-2 (D. Kan. Sept. 4, 2008). On May 8, 2006, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 Kansas convictions,

1

which was dismissed without prejudice on March 1, 2007. *See Smith v. Sedgwick County Dist. Ct.*, Case No. 6-3137-SAC, Docs. 1 and 25. Petitioner appealed and, on July 13, 2007, the United States Court of Appeals for the Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed the appeal. *Id.* at Doc. 34. The United States Supreme Court denied the subsequent petition for writ of certiorari.

On December 27, 2007, Petitioner filed in this Court a second petition for writ of habeas corpus under § 2254 challenging his 2001 Kansas convictions. *Smith v. McKune*, Case No. 7-3327-SAC, Doc. 1. On September 4, 2008, District Judge Sam A. Crow dismissed the petition as untimely filed. *Id.* at Doc. 11. Petitioner appealed the dismissal and, on December 19, 2008, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *Id.* at Doc. 17. Petitioner filed a petition for writ of certiorari, which the Supreme Court denied on April 27, 2009. *See id.* at Doc. 19.

On February 13, 2025, Petitioner began this case by filing another petition for writ of habeas corpus under § 2254. (Doc. 1.) As the sole ground for relief, Petitioner alleges the denial of his due process rights under the Fourteenth Amendment. *Id.* at 7, 12-14. Liberally construing the facts asserted in support of Ground One, however, Petitioner alleges that prison officials in Kansas tampered with his mail, prevented the Supreme Court from receiving and considering his full petition for writ of certiorari regarding the dismissal of his second § 2254 petition, and stole various related court papers from his cell. *Id.* at 7-11. Petitioner also includes complaints about racial slurs from prison staff, the use of dangerous chemicals to complicate his breathing, and "perpetual food spike torture" that has resulted in multiple hernias. *Id.* at 11. As relief, Petitioner seeks a hearing before the United States Supreme Court. *Id.* at 20.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As noted above, in 2008, Judge Crow denied Petitioner's second petition for federal habeas relief under § 2254 because it was not timely filed. When a § 2254 habeas petition is dismissed as time-barred, that is "a decision on the merits," meaning that "any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements of preauthorization." *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Thus, to the extent that the current § 2254 petition challenges Petitioner's 2001 Kansas convictions, it is a "second or successive" application for § 2254 relief. There is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition.

This Court lacks jurisdiction to consider unauthorized second or successive petitions for § 2254 relief. Thus, the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction and deny the pending motion for leave to proceed in forma pauperis (Doc. 2) and motion for file stamped copy (Doc. 3) as moot. If Petitioner wishes, he may

3

independently apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition.

As a final point, federal habeas relief under 28 U.S.C. § 2254 is available only to state prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It does not provide relief from prison officials' unconstitutional acts or unconstitutional conditions of confinement unless they affect the constitutionality of the judgment of conviction. To the extent that Petitioner seeks to allege the violation of his constitutional rights by prison officials' actions or unconstitutional conditions of his confinement, he must bring that type of claim in a civil rights action under 42 U.S.C. § 1983, which must be filed on the required, court-approved form.[1]

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to

---

[1]Petitioner is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). *See Smith v. Cowman*, 208 Fed. App'x 687, 689 (10th Cir. Dec. 13, 2006) (unpublished) ("Because the dismissal of the complaint was based on a failure to exhaust administrative remedies, it accrues as Mr. Smith's third strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)."); *see also Smith v. Baker*, Case No. 18-cv-3288-SAC, Doc. 6 (D. Kan. Dec. 4, 2018) (denying motion for leave to proceed in forma pauperis in a § 1983 action filed by Petitioner because of three strikes under § 1915(g)). Thus, Petitioner will be able to proceed in forma pauperis in any future § 1983 actions only if he establishes a threat of imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized second or successive petition under 28 U.S.C. § 2254 which the Court lacks jurisdiction to consider. The motion for leave to proceed in forma pauperis (Doc. 2) and motion for file-stamped copy (Doc. 3) are **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 14th day of February, 2025 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge